IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUINTEN L. JACKSON, *
      Plaintiff,
                                   *

v.                                              CIVIL ACTION NO. RDB-10-611
                                   *

DIANE JARVIS,
      Defendant.                  *
                              ******

## **MEMORANDUM OPINION**

The Court is in receipt of Plaintiff's civil rights complaint filed against Diane Jarvis. Paper No. 1. Plaintiff states that on June 10, 2009, he was detained at gun point by "Hagerstown Task Force."[1] He was later arrested and convicted of drug related charges as a result of the stop. Plaintiff makes no allegations as to the sole named Defendant Diane Jarvis. Plaintiff has filed a motion for leave to proceed in forma pauperis (Paper No. 2), which shall be granted. However, upon review of the instant action, the court concludes that it shall be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 953 (4th Cir. 1995).

Plaintiff has named Diane Jarvis as the sole Defendant but has failed to identify who she is or how her conduct in relation to these events deprived him of his civil rights. In a separate complaint pending before this court against the "Hagerstown Task Force" and arising on the same date and under the same circumstances as the instant complaint, Plaintiff identified Diane Jarvis as the person to whom his vehicle was released to. *See* Paper No. 1, *Jackson v. Hagerstown Task Force*, Civil Action No. WDQ-10-182 (D. Md. 2010).

Essential to sustaining an action under § 1983 are the presence of two elements. Specifically,

---

[1] The subject of his arrest and the events that followed are already being litigated by Plaintiff in *Jackson v.*

1

Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). There is no allegation that Diane Jarvis, a private citizen, was acting under color of law. As such, Plaintiff's complaint is subject to dismissal.

A separate Order reflecting the foregoing opinion shall be entered.

June 7, 2010
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

*Hagerstown Task Force*, Civil Action No. WDQ-10-182 (D. Md. 2010).

2